# IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

FILED
2013 SEP 12 PM 1:35
RICHARD R. ROOKER, CLERK

| | |
|---|---|
| GRAY DENTAL CARE PC, ) | |
| Plaintiff, ) | |
| v. ) | **JURY DEMAND** |
| STATE FARM FIRE AND CASUALTY ) COMPANY, ) | Case No.: 13 C3697 |
| Defendant. ) | |

## COMPLAINT

Plaintiff Gray Dental Care PC, ("Plaintiff" or "Gray Dental"), for its Complaint against the Defendant, State Farm Fire and Casualty Company, ("Defendant" or "State Farm"), would respectfully show and allege to the Court as follows:

### GENERAL ALLEGATIONS

1. Plaintiff, Gray Dental, owns property located at 625 Berry Road, Nashville, TN 37204.

2. Defendant, State Farm, is a for-profit foreign insurance company authorized to engage in, and does engage in, the sale and delivery of property insurance within the State of Tennessee with its principle place of business located at One State Farm Plaza, Bloomington, IL. The registered agent for service of process of State Farm is the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, TN 37243.

3. Plaintiff's claim for relief arises from a covered sinkhole loss to its property located at 625 Berry Road, Nashville, TN 37204 (hereinafter the "Property"). Venue is proper pursuant to Tenn. Code Ann. § 20-4-103.

4. At all times material hereto, Plaintiff has been the owner of the Property.

5. Plaintiff renewed or procured a policy of business insurance ("Policy"), from Defendant covering the above-referenced Property on or about September 9, 2012. A copy of the Policy is attached as Exhibit 1, although it is unknown if this is the certified policy because State Farm has provided two different policies on the Property.

6. In consideration of monies paid by Plaintiff to Defendant, the Policy was issued, insuring the Plaintiff's Property against risks, including sinkhole collapse. The Policy provided building insurance coverage in the amount of $789,500.00, in addition to other coverages.

7. Plaintiff has renewed the Policy each and every year and has paid all premiums due thereunder and otherwise met all conditions of coverage thereunder.

8. On or about November 20, 2012, while the Policy was in full force and effect, the Property was damaged as a result of sinkhole activity.

9. The damage to Plaintiff's Property is caused by a covered peril under the Policy.

10. A notice of loss and damage was properly given by Plaintiff to Defendant in accordance with the terms of the Policy.

11. On or about January 2, 2013, over a month after the Plaintiff made the claim, the Defendant sent an engineer to inspect the Property.

12. On or about February 15, 2013, after several attempts to contact Defendant, Defendant's agent stated that the engineer report was completed and it had been sent to Defendant but Plaintiff still did not receive any type of response.

13. On or about March 1, 2012, Plaintiff, through counsel, sent a request that the full amount be paid or that Plaintiff would seek a bad faith penalty for the handling of the claim. A copy of this correspondence is attached as Exhibit 2.

14.     On or about March 5, 2013, Defendant advised Plaintiff that it was denying coverage under the Policy. Defendant represented to Plaintiff that an exclusion contained in the Policy applied and excluded coverage for their claim. A copy of this correspondence dated February 26, 2013, but postmarked March 4, 2013, is attached as Exhibit 3.

15.     On or about March 13, 2013, Defendant sent correspondence confirming its denial of Plaintiff's claim.

16.     More than 60 days has passed since Plaintiff demanded payment and as of the date of this filing, there has been no payment made on the claim.

17.     Plaintiff has complied fully with all of the provisions of the Policy, but Defendant has declined or refused to make payment to Plaintiff for the loss and damage sustained.

18.     Plaintiff has been required to retain the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

## BREACH OF CONTRACT

19.     Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 18 above as though fully set forth herein.

20.     Defendant has breached the Policy by denying coverage and failing and refusing to pay all benefits due hereunder for the claim of sinkhole activity.

21.     Defendant failed to properly investigate the Property as required under the Policy and by state statute.

22.     Defendant failed to exercise the skill, care and knowledge required of a licensed insurance carrier with respect to the investigation and handling of this claim.

23.     Defendant failed to investigate the Plaintiff's claim in a prompt and thorough manner.

24.     Defendant intentionally ignored repeated requests to reconsider its wrongful denial of insurance coverage for the Plaintiff's claims.

25.     Defendant represented to its insured that exclusionary language contained in the Policy excluded coverage of the claim, when the Defendant knew or should have known that it did not exclude coverage. Such acts or omissions were committed intentionally, recklessly, and/or negligently.

26.     Defendant owes Plaintiff prejudgment interest, expert fees, costs, the costs of all structurally necessary repairs, and, if the property is not repairable within applicable coverage limits, an amount equal to such limits for the total constructive loss.

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

27.     Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 26 above as though fully set forth herein.

28.     Defendant has breached the covenant of good faith and fair dealing that is a part of the Policy that it made with Plaintiff.

29.     Defendant has evaded the spirit of the bargain with the Plaintiff, has shown a lack of diligence and slacking off with regards to investigation of the claim and performing under the Policy, and has willfully rendered imperfect performance under the Policy.

## FRAUD AND MISREPRESENTATION

30.     Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 29 above as though fully set forth herein.

31.     Defendant committed fraud by intentionally or recklessly misrepresenting to the insured Plaintiff that exclusionary language contained in the insureds' Policy excluded coverage, when in fact the Policy does not exclude such coverage. Such misrepresentation was committed

knowingly or recklessly for the purpose of taking undue advantage of the insured and was justifiably relied on by the insured, who accepted the representation as true.

## UNFAIR CLAIMS PRACTICES

32. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 31 above as though fully set forth herein.

33. Defendant committed unfair claims practices in violation of Tenn. Code Ann. §§ 56-8-101 through 56-8-111, including, but not limited to:

- (A) Failing to make a good faith attempt to effect prompt, fair, and equitable payment of Plaintiff's claim, in violation of Tenn. Code Ann. § 56-8-105;

- (B) Refusing to pay Plaintiff's claim without conducting reasonable investigation in violation of Tenn. Code Ann. § 56-8-105; and

- (C) Knowingly misrepresenting relevant Policy provisions relating to coverages at issue in violation of Tenn. Code Ann. § 56-8-105.

34. The Defendant's acts and/or omissions regarding this claim were made willfully or knowingly and supports Plaintiff's claims for breach of contract and bad faith.

## NEGLIGENCE *PER SE*

35. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 34 above as though fully set forth herein.

36. Defendant failed to follow the minimum standards for investigating a sinkhole claim as set forth in Tenn. Code Ann. § 56-7-130 (d), including but not limited to the following respects:

- (A) Defendant denied the claim prior to conducting any type of investigation as required under Tenn. Code Ann. § 56-7-130 (d)(2);

- (B) Defendant failed to obtain a written certification stating that the cause of the claim is not sinkhole activity as required under Tenn. Code Ann. § 56-7-130 (d)(2); and

(C) After additional requests by the Plaintiff, Defendant still failed to conduct analysis of sufficient scope to eliminate sinkhole activity as the cause of the damage as required under Tenn. Code Ann. § 56-7-130 (d)(2).

37. As a result of Defendant's failure to perform its statutory duty, Plaintiff has been injured. Plaintiff was within the protection of the Tenn. Code Ann. § 56-7-130 and was intended to benefit from these laws.

## BAD FAITH

38. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 37 above as though fully set forth herein.

39. Defendant's failure and refusal to pay is not in good faith, and such failure to pay has inflicted expense, loss, and injury upon Plaintiff. Accordingly, Plaintiff is entitled to recover, in addition to the amount of the insured loss and interest thereon, an amount equal to twenty-five percent (25%) of the liability for the loss, pursuant to Tenn. Code Ann. § 56-7-105.

40. The acts and/or omissions of Defendant constitute bad faith with respect to the exercise of its duties and obligations to the Plaintiff, including, but not limited to:

(A) Defendant failed to exercise the skill, care and knowledge required of a licensed insurance carrier with respect to the investigation and handling of insurance claims;

(B) Defendant failed to investigate the Plaintiff's claims in a prompt and thorough manner; and

(C) Defendant intentionally ignored requests to pay the claim of insurance Policy coverage for the Plaintiff's claims.

Such acts or omissions were committed intentionally, recklessly and negligently.

41. State Farm has exhibited a pattern of conduct with regard to its claims handling practices, which has resulted in repeated misconduct amounting to intentional or reckless bad faith toward its insureds. A history of court determinations and complaints of bad faith conduct

6

on the part of State Farm has put State Farm on notice that its claims handling practices have resulted in repeated incidents of bad faith. In spite of such notice, State Farm has intentionally or recklessly or carelessly failed to correct its corporate policies or otherwise train its personnel in such a manner as to reduce or eliminate the misconduct.

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment against Defendant for (i) actual damages; (ii) costs, including expert fees; (iii) reasonable attorneys' fees; (iv) all general and special damages, including but not limited to the full cost of repair or replacement of Plaintiff's home; (v) pre-judgment interest; and (vi) any other relief as the Court deems just and appropriate. Plaintiff prays for all relief and damages to which they are entitled under the common law, including compensatory damages, attorney fees, and costs.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury of twelve (12) persons to try all issues so triable in this matter and such further and general relief to which they may be entitled.

Respectfully submitted,

*Sonya S. Wright*
Sonya S. Wright (BPR 023898)
Hagan & Farrar, PLLC
106 N. Church Street
Murfreesboro, TN 37130
(615) 896-8000, telephone
(615) 900-3473, facsimile
sonya@haganfarrar.com

Joshua E. Burnett (BPR 027686)
Marshall Thomas Burnett
200 North Pierce Street, First Floor
Tampa, Florida 33602
(813) 221-2525, Ext. 2302, telephone
(813) 227-8900, facsimile
jburnett@mtblaw.com

*Attorneys for Plaintiff*

8

42-219G-075

| CIRCUIT COURT SUMMONS | NASHVILLE, TENNESSEE |

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

☐ First
☐ Alias
☐ Pluries

Gray Dental Care, PC

CIVIL ACTION DOCKET NO. **13 C 3697**

**Plaintiff**

**Method of Service:**
☐ Davidson County Sheriff

Vs.

☐ Out of County Sheriff
☐ Secretary of State

State Farm Fire and Casualty Company

☐ Certified Mail
☐ Personal Service
☒ Commissioner of Insurance

**Defendant**

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: **9·12·13**

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Sonya Wright |
| --- | --- |
| | 106 North Church Street, Murfreesboro, TN 37130 |
| | Address |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

**SHERIFF**

♿ To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20_____, I:

[  ]  served this summons and complaint/petition on _____

_____ in the following manner.

_____

[  ]  failed to serve this summons within 90 days after its issuance because _____

_____

_____
Sheriff/Process Server

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20_____ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No. _____ to the defendant, _____. On the _____ day of _____, _____, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS

_____ DAY OF _____, 20_____.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____ NOTARY PUBLIC or _____ DEPUTY CLERK

MY COMMISSION EXPIRES: _____

### NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

(To be completed only if copy certification required.)

By. _____ D.C.